We cannot pass any effectual order or judgment against the State; neither is there any instance of a court saying to a sovereign body, they ought to do thus or thus. For us to pass an order without any precedent, and which it would be optional in them upon whom it was intended to operate either to comply with or not, would be to place ourselves in a ridiculous point of view. We have no power to make such an order.
Et per one of the judges: I was surprised at the adjudication at Hillsboro, which has been cited at the bar, when it took place. I argued that cause on the part of the State, and I could recollect no case like it *Page 171 
that I ever had read or heard of. I have thought much of it since, and looked much into the authorities. The practice of set-offs is founded upon a statute, and were it not for that, a set-off could not be allowable; it therefore can extend no further than the true spirit of the act will admit; that was to diminish the number of lawsuits and (223) expense to the parties. It intended, where two parties had reciprocal demands, that the defendant, instead of suing, might plead his demand of equal or greater value in bar; if of less value, might set it off upon notice given. By this means he had justice more easily done, and at much less expense than when both parties were to sue reciprocally. Paynter v.Walker, C. B. Easter 4 Geo. III.; Buller, 179; 1 Wils., 155; Cowp., 133, 135. It follows from hence that a defendant cannot set-off but in a case where he might sue the plaintiff if he thought proper. This was certainly the true meaning of the act of 1756, ch. 4, sec. 7, and as the case cited was brought on suddenly, on a motion on the part of the State for judgment, and determined suddenly, without time taken to consider, and as it was against the current of authorities, it was improper perhaps to cite it as a precedent, before it should be corroborated by some concurrent decision or by some case adjudged upon consideration. One of the reasons given for the decision in that case was that the defendant could not sue the State; and that was the strongest reason that could be offered to prove he should be allowed to set-off his demand. The circumstance of the practice of set-offs being introduced by, and being dependent on, an act of Assembly, was not at all attended to. But the practice was treated as an equitable practice founded on the common law, or in reason and propriety only; besides, it does not follow that because the party cannot set off, he cannot obtain justice from the public. The Legislature will surely have magnanimity and justice enough to pay the party his just demand, upon a proper application. The case cited, therefore is to be doubted of.